UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:20-cv-09329-CAS-GJSx | Date | July 1, 2021 |
|---|---|---|---|
| Title | TUTOR PERINI BUILDING CORP. v. FIRST MERCURY INS. CO. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - FIRST MERCURY INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Dkt. 19, filed on May 21, 2021)

TUTOR PERINI BUILDING CORP.'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Dkt. 25, filed on May 21, 2021)

## I. INTRODUCTION

On October 9, 2020, plaintiff Tutor Perini Building Corp. ("Tutor Perini") brought suit in this Court against defendant First Mercury Insurance Company ("FMIC") and Does 1 through 50, alleging claims for (1) breach of contract, and (2) tortious breach of the implied covenant of good faith and fair dealing. Dkt. 1 ("Compl.") ¶¶ 19–33. The claims arise from FMIC's failure to defend Tutor Perini in an arbitration arising from disputes related to a commercial construction project. Id. ¶ 7.

On May 21, 2021, both parties filed motions for partial summary judgment. Dkts. 19 ("Def. MSJ"), 25 ("Plt. MSJ"); see dkt. 20 ("Def. RJN"). The parties opposed on May 28, 2021, dkts. 27 ("Opp. to Plt. MSJ"), 31 ("Opp. to Def. MSJ"), and replied on June 7, 2021, dkts. 32 ("Reply ISO Def. MSJ"), 33 ("Reply ISO Plt. MSJ").[1] The Court held a hearing on July 21, 2021, at which FMIC requested leave to submit supplemental briefing. The Court granted this request, and FMIC submitted a supplemental brief on June 28, 2021.

---

[1] FMIC requests that this Court take judicial notice of three filings in this case. The Court **DENIES** this request as unnecessary.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-09329-CAS-GJSx | Date | July 1, 2021 |
| Title | TUTOR PERINI BUILDING CORP. v. FIRST MERCURY INS. CO. | | |

Dkt. 35 ("Def. Supp. Brief"). Having considered the supplemental briefing by FMIC, the Court finds it unnecessary to request an opposition brief from Tutor Perini.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

### A. The Policy

On June 9, 2014, project owner TWJ 1101, LLC ("TWJ") entered into a contract with general contractor Tutor Perini for the construction of the Panorama Tower Project located at 1101 Brickell Avenue, Miami, Florida ("Project"). Dkt. 23, FMIC's Statement of Uncontroverted Facts ("Def. SUF"), No. 5; see dkt. 22, Declaration of Mark Perry ISO Def. MSJ ("Perry Decl."), Exh. A at 31–217 ("Contract").[2] The Project consists of an underground garage and a tower of residential units.

#### 1. Coverage and Exclusions

The Contract required TWJ to implement an Owner Controlled Insurance Program ("OCIP"), which is a coordinated insurance program providing coverage to various parties involved in the construction. Perry Decl., Exh. A at 94, § 11.2. As part of this program, TWJ procured FMIC insurance policy no. FMPN10 0058, effective from January 31, 2014, to January 31, 2018, which is a standard commercial general liability ("CGL") policy.[3] Def. SUF Nos. 6–7; see dkt. 21, Declaration of Sharon Lewis ISO Def. MSJ ("Lewis Decl."), Exh. D ("Policy"). As relevant here, the Policy insures TWJ, Tutor Perini and

---

[2] Both parties raise numerous evidentiary objections to a range of documents filed in connection to the instant motions. See Plt. SDF; dkt. 28 (def. evid. objs.); Def. SDF; dkt. 31-3 (plt. evid. objs.); dkt. 33-1 (resp. to def. evid. objs.). Unless otherwise noted, the Court overrules these objections.

[3] CGL policies "are standard insurance policies developed by insurance industry trade associations"; they are "the primary form of commercial insurance coverage obtained by businesses throughout the country." Dimmitt Chevrolet, Inc. v. Se. Fid. Ins. Corp., 636 So.2d 700, 702 (Fla. 1993). For a history of CGL policies in Florida, see Bradfield v. Mid-Continent Cas. Co., 143 F. Supp. 3d 1215, 1232–36 (M.D. Fla. 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:20-cv-09329-CAS-GJSx | Date | July 1, 2021 |
|---|---|---|---|
| Title | TUTOR PERINI BUILDING CORP. v. FIRST MERCURY INS. CO. | | |

several other subcontractors against losses resulting from "property damage" caused by an "occurrence." Lewis Decl., Exh. D at 24, 57, 79. The Policy defines "property damage" as "[p]hysical injury to tangible property, including all resulting loss of use of that property," or "[l]oss of use of tangible property that is not physically injured." Id. at 71. "Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Id. at 70.

The Policy also includes "products-completed operations hazard" ("PCOH") coverage, which, as modified by endorsement, provides coverage for: "all . . . 'property damage' occurring away from premises you own or rent and arising out of 'your product' or 'your work' except: (1) Products that are still in your physical possession; or (2) Work that has not yet met 'substantial completion' . . . ."[4] Id. at 24.

Limiting this grant of coverage, though, are several standard exclusions, as well as some added by various endorsements. For instance, the Policy includes Exclusion j. "Damage to Property," which, as relevant here, excludes from coverage:

> (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
>
> (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
>
> . . .
>
> Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

Id. at 60–61.

Additionally, by way of endorsement, the Policy includes the "Property Damage Caused by Your Work Exclusion," which excludes from coverage any "'Property damage'

---

[4] "Your Work" is defined as "(1) Work or operations performed by you or on your behalf; and (2) Materials, parts or equipment furnished in connection with such work or operations." Lewis Decl., Exh. D at 72.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:20-cv-09329-CAS-GJSx | Date | July 1, 2021 |
|---|---|---|---|
| Title | TUTOR PERINI BUILDING CORP. v. FIRST MERCURY INS. CO. | | |

caused by 'your work' to any part of the Premises or Project . . . before 'your work' has [met substantial completion]."[5] Id. at 44.

Finally, two standard exclusions have been deleted from the Policy by way of endorsement: Exclusion l. "Damage to Your Work," which excludes "'[p]roperty damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard,'" id. at 61, 54; and Exclusion k. "Damage to Your Product," which excludes property damage to, among other things, "[a]ny goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by" the insured, id. at 61, 71, 55.

### 2. Duty to Defend and Self-Insured Retention

The Policy also confers and imposes upon FMIC "the right and duty to defend the insured against any 'suit' seeking" "damages because of . . . 'property damage' to which [the Policy] applies." Lewis Decl., Exh. D at 57. However, the Contractors Self Insured Retention endorsement states that "[t]he duty to defend provision . . . will apply only in the event that the 'Self Insured Retention' . . . is exhausted by actual payment by the Named Insured . . . ." Id. at 26. The "Self Insured Retention" is effectively a deductible that the insured agrees to pay before the Policy's coverage applies, and, in this case, is set at $50,000 per occurrence. Id. at 26, 29. Costs that count toward the Self Insured Retention include those incurred in the "investigation, defense, settlement or appeal" of a claim or suit, including "litigation expenses," "settlements or judgment in connection with any claims or 'suits' against the insured for damages covered under [the Policy]." Id. at 29.

### B. Underlying Action

According to TWJ, construction on the Project was repeatedly delayed and beset with defects and mismanagement. The fraught relationship between TWJ and Tutor Perini seems to have come to a head when Hurricane Irma landed in Miami on September 10,

---

[5] The final portion of the Property Damage Caused by Your Work Exclusion reads, "before 'your work' has been completed or abandoned as defined in the 'Products-Completed Operations Hazard,'" Lewis Decl., Exh. D at 44, but the paragraph of the PCOH that defines "completed or abandoned," see id. at 44, has been deleted by another endorsement, see id. at 24 (Policy Term Endorsement).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:20-cv-09329-CAS-GJSx | Date | July 1, 2021 |
|---|---|---|---|
| Title | TUTOR PERINI BUILDING CORP. v. FIRST MERCURY INS. CO. | | |

2017. Def. SUF No. 12. At that point, the underground garage had been substantially completed (it was substantially completed in January 2016), but no other phase of the Project had reached substantial completion. Id. No. 15; Def. MSJ at 17–18. The Project was not adequately waterproofed in advance of the hurricane, and, as a result, the hurricane caused water damage throughout the building. Def. SUF No. 13. TWJ terminated Tutor Perini on September 27, 2017. Id. No. 14.

   1.   Counterclaims

On November 28, 2017, Tutor Perini filed suit against TWJ in the Miami-Dade County Circuit Court seeking money it was allegedly owed under the Contract. Def. SUF No. 16; Def. MSJ at 1. The case was ordered to be arbitrated before the American Arbitration Association pursuant to the terms of the Contract. TWJ answered and alleged counterclaims for (1) fraud; (2) conspiracy; (3) violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.211(2); (4) breach of contract; (5) breach of the implied warranty of fitness; and (6) action on a fraudulent lien, Fla. Stat. § 713.31. Perry Decl., Exh. A at 24–29.

Relevant here, TWJ alleged that Tutor Perini breached the Contract by:

> [1] repeatedly failing to supply properly qualified and skilled personnel and enough properly skilled workers; [2] failing to properly, timely, adequately and completely perform the work required under the Contract and approved plans and specifications; [3] providing inadequate installation and poor workmanship; [4] providing defective and improper materials and failing to remedy the work or provide proper materials; [5] failing to abide by its contractual warranty; [6] submitting inaccurate applications for payment; and [7] failing to appropriately and timely pay its vendors and suppliers.

Id. at 23–24. Although TWJ does not specify what damages it seeks for this alleged breach, it does state that it demands "an amount in excess of $9,910,000," which is the amount of liquidated damages TWJ contends it is owed. Id. at 24–25.

In addition, TWJ alleges that Tutor Perini breached the implied warranty of fitness by "provid[ing] defective and non-conforming materials and perform[ing] poor installation and poor workmanship." Id. at 25. According to TWJ, Tutor Perini's "breach resulted in numerous construction defects and deficiencies, including among other things, its use of 'liquid nails' or other unapproved adhesive to attach devices in the parking garage and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:20-cv-09329-CAS-GJSx | Date | July 1, 2021 |
|---|---|---|---|
| Title | TUTOR PERINI BUILDING CORP. v. FIRST MERCURY INS. CO. | | |

use of incorrectly sized anchor bolts for mirrors in the parking garage." Id. at 26. This alleged breach forced TWJ to "bear the costs of remediating these defects and deficiencies . . . ." Id. TWJ seeks actual, incidental and consequential damages under this claim. Id.

Finally, in its general allegations, TWJ alleges that Tutor Perini "failed to properly mitigate damages from storms and/or hurricanes that affected the Property by either failing to take proper precautions; failing to properly mitigate damages sustained from storms and/or hurricanes by timely removing wet materials or properly salvaging undamaged materials or work . . . ." Id. at 16. Furthermore, Tutor Perini allegedly failed to install storefront sealant on dozens of units, and "instructed its trades to install or store drywall, flooring[,] cabinets and other materials in unfinished, unsealed units in advance of the storm." Id. at 17. "[W]ater intrusion resulting from failure to seal the units ruined the materials." Id. at 18. Beyond damage to the materials, TWJ alleges that Tutor Perini's failure to "secure and waterproof the building" "allow[ed] heavy rains to pour into the building and create a flood from the top of the building to the bottom . . . ." Id. at 22.

On February 12, 2020, FMIC was notified of TWJ's counterclaims against Tutor Perini. Def. SUF No. 19. On June 16, 2020, FMIC denied that the Policy imposed a duty to defend Tutor Perini against the counterclaims and refused to defend it in the underlying action. Id. No. 21.

2.   Amended Damages and Motion to Amend Counterclaims

On July 30, 2020, TWJ filed with the arbitration panel and served on Tutor Perini an Amended Damages Summary. Dkt. 31-1, Declaration of Matthew J. Luce ("Luce Decl."), Exh. B ("Amended Damages Summary"). Among other things, the Amended Damages Summary specified a series of alleged acts and omissions that resulted in significant damage from Hurricane Irma. Specifically, Tutor Perini's conduct allegedly:

> [A]llowed water that entered the building to run down the floors. As a result of this, the building had finished units wide open for water intrusion and hundreds of units had damages to cabinetry, flooring, drywall, ductwork, and other finishes. Further, after Hurricane Irma hit, [Tutor Perini] failed to properly mitigate the water in the building, remove wet material resulting in more damages. In the months following Hurricane Irma, TWJ incurred significant costs to remediate the water damage, including cleaning, debris removal and additional labor, materials and equipment costs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:20-cv-09329-CAS-GJSx | Date | July 1, 2021 |
|---|---|---|---|
| Title | TUTOR PERINI BUILDING CORP. v. FIRST MERCURY INS. CO. | | |

<u>Id.</u> at 5.

On January 5, 2021, TWJ moved to amend its counterclaims in part in order to plead its "construction defect claims with greater specificity." Luce Decl. ¶ 10. This motion does not appear to be in the record. After a hearing, the arbitration panel declined to rule on this issue, finding it moot as "counsel for the Parties agreed that there was no need to amend as to the construction defect claims as long as no *new* construction defect claims beyond those found in TWJ's expert report were contemplated by TWJ." Luce Decl., Exh. C (arbitration panel order) at 2 (emphasis in original). (Tutor Perini states that the Amended Damages Summary is the "expert report" referred to in the arbitration order. Luce Decl. ¶ 10.)

Tutor Perini filed the instant suit on October 12, 2020, and the parties now move for partial summary judgment. Tutor Perini seeks summary judgment on its claim that FMIC owes it a duty to defend the counterclaims against Tutor Perini brought by TWJ. FMIC seeks summary judgment declaring it has no duty to defend.

### III.  LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986); <u>see</u> Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." <u>Lujan v. Nat'l Wildlife Fed'n</u>, 497 U.S. 871, 888 (1990); <u>see</u> <u>Celotex</u>, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u> at 322; see <u>Abromson v. Am. Pac. Corp.</u>, 114 F.3d 898, 902 (9th Cir. 1997).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:20-cv-09329-CAS-GJSx | Date | July 1, 2021 |
|---|---|---|---|
| Title | TUTOR PERINI BUILDING CORP. v. FIRST MERCURY INS. CO. | | |

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. DISCUSSION

FMIC moves for summary judgment on Tutor Perini's claim for breach of contract the grounds that FMIC has no duty to defend because (1) TWJ's counterclaims do not seek damages covered under the Policy, and (2) Tutor Perini has failed to satisfy the self-insured retention requirement in the Policy. Def. MSJ at 1. Tutor Perini, on the other hand, moves for partial summary judgment on its breach of contract claim, arguing that FMIC does owe Tutor Perini a duty to defend the underlying action, and that it breached the Policy by failing to do so. Plt. MSJ at 7. The Court addresses whether FMIC has a duty to defend and whether it breached that duty in turn.

### A. Duty to Defend

Under Florida law,[6] "[a]n insurance company's duty to defend is broader than its duty to indemnify." Carithers v. Mid-Continent Cas. Co., 782 F.3d 1240, 1246 (11th Cir.

---

[6] The parties initially disputed whether California or Florida law applied to the interpretation of the Policy. See Plt. MSJ at 8; Opp. to Plt. MSJ at 2. However, Tutor Perini's argument that California law should apply appears to have conflated forum selection with choice of law, and ultimately appears to have been abandoned. See Reply ISO Plt. MSJ (citing only Florida law). In any event, the Policy covers only events that could occur in Florida, so the application of Florida law is appropriate. See Frontier Oil Corp. v. RLI Ins. Co., 153 Cal. App. 4th 1436, 1450 (2007) (California's choice-of-law rule governing contract interpretation "was intended to give effect to the parties' presumed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:20-cv-09329-CAS-GJSx | Date | July 1, 2021 |
|---|---|---|---|
| Title | TUTOR PERINI BUILDING CORP. v. FIRST MERCURY INS. CO. | | |

2015). The duty "arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage." Hartford Acc. & Indem. Co. v. Beaver, 466 F.3d 1289, 1292 (11th Cir. 2006) (quoting Jones v. Florida Ins. Guar. Ass'n, 908 So. 2d 435, 442–43 (Fla. 2005). Even "[w]here a complaint alleges facts that are partially within and partially outside the coverage of an insured's policy, the insurer is not only obligated to defend, but must defend that entire suit." Id. (quoting Sunshine Birds & Supplies, Inc. v. United States Fid. & Guar. Co., 696 So. 2d 907, 910 (Fla. Dist. Ct. App. 1997)). Finally, if the allegations "leave any doubt regarding the duty to defend, the question must be resolved in favor of the insured requiring the insurer to defend." Grissom v. Commercial Union Ins. Co., 610 So. 2d 1299, 1307 (Fla. Dist. Ct. App. 1992); see Carithers, 782 F.3d at 1246; S.-Owners Ins. Co. v. MAC Contractors of Fla., LLC, 819 F. App'x 877, 879 (11th Cir. 2020) ("[I]f 'the language of the complaint, at least marginally and by reasonable implication, could be construed' to create potential coverage under the policy, the insurer owes a duty to defend." (citation omitted)).[7]

### 1. Whether TWJ Alleges "Property Damage"

FMIC first argues that TWJ's counterclaims do not trigger the duty to defend because they do not seek damages covered by the Policy. With regard to the claims for fraud, conspiracy, unfair trade practices and fraudulent lien, FMIC argues these are based on intentional torts, and thus were not caused by "occurrences" under the terms of the Policy. Tutor Perini seems to concede this, Opp. to Def. MSJ at 3–4, and, indeed, such claims are excluded from CGL policies that include the Expected or Intended Injury exclusion, which the Policy does. See Farrer v. U.S. Fid. & Guar. Co., 809 So. 2d 85, 98–

---

intention that the law of the place a contract is to be performed should govern its interpretation").

[7] The parties dispute whether the Court may consider the allegations in the Amended Damages Summary, or whether to do so would be to impermissibly look beyond the operative pleading. See Def. MSJ at 14–15; Opp. to Def. MSJ at 6. However, the Court finds that consideration of the Amended Damages Summary would not alter its analysis because the facts alleged in TWJ's counterclaims are sufficient to give rise to the duty to defend, and thus declines to rule on the question as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:20-cv-09329-CAS-GJSx | Date | July 1, 2021 |
|---|---|---|---|
| Title | TUTOR PERINI BUILDING CORP. v. FIRST MERCURY INS. CO. | | |

90 (Fla. Dist. Ct. App. 2002); Northland Cas. Co. v. HBE Corp., 160 F. Supp. 2d 1348, 1359 (M.D. Fla. 2001).

FMIC goes on to argue that, with regard to the claims for breach of contract and breach of the implied warranty of fitness, the damages alleged there do not constitute "property damage" as contemplated by the Policy. Def. MSJ at 15. Furthermore, FMIC argued that TWJ seeks only damages to recover for economic loss, which is not covered under a CGL policy. Id. at 16–17. Tutor Perini responds that the counterclaims for breach of contract and breach of the implied warranty of fitness raise allegations that create the potential for coverage because they potentially include "property damage" cognizable under the Policy. Opp. to Def. MSJ at 4.

The basic principle under CGL policies such as the one at issue here is that "faulty workmanship or defective work that has damaged the otherwise nondefective completed project has caused ['property damage']," but "[i]f there is no damage beyond the faulty workmanship or defective work, then there may be no resulting 'property damage.'" U.S. Fire Ins. Co. v. J.S.U.B., Inc., 979 So. 2d 871, 889 (Fla. 2007).

Here, the parties agree that only the underground garage was substantially completed by the time Tutor Perini was terminated. As such, the question of whether TWJ alleges "property damage" under the Policy depends on whether it alleges that faulty workmanship or defective work damaged the garage. Turning to TWJ's counterclaims, TWJ alleges a series of claims regarding Tutor Perini's mismanagement of subcontractors and the construction defects resulting from those subcontractors' work. These allegations appear to apply to all portions of the Project. Some even mention the garage specifically. See Perry Decl., Exh. A at 26. This "fairly and potentially" brings the suit within coverage. Beaver, 466 F.3d at 1292. Put another way, a duty to defend arises because it is not "certain that there [is] no coverage for the damages sought." Carithers, 782 F.3d at 1246; see also MAC Contractors, 819 F. App'x at 882 ("The operative amended complaint alleged that KJIMS [the general contractor] used subcontractors for work on the residence and that the residence was 'replete with construction defects' and various damage. It did not further allege which subcontractors performed which work or how the damage occurred. Given these ambiguities, the complaint's allegations are broad enough to allow KJIMS to prove that one subcontractor negligently damaged nondefective work performed by another subcontractor. If KJIMS could establish that at least some of the damage arose in this way, there would be 'damage apart from the defective work itself' and therefore 'property damage.'" (citations omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:20-cv-09329-CAS-GJSx | Date | July 1, 2021 |
|---|---|---|---|
| Title | TUTOR PERINI BUILDING CORP. v. FIRST MERCURY INS. CO. | | |

Furthermore, the counterclaims allege significant water damage caused by Tutor Perini's failure to properly secure the Project in advance of Hurricane Irma. TWJ alleges these failures caused flooding "from the top of the building to the bottom," Perry Decl., Exh. A at 22, which fairly raises a question as to whether the garage suffered water damage. If it did, this would constitute property damage, so the allegations appear to give rise to a duty to defend. See Mid-Continent Cas. Co. v. Frank Casserino Const., Inc., 721 F. Supp. 2d 1209, 1215 (M.D. Fla. 2010) (finding "the 'property damage' at issue here concerns the physical damage to the buildings caused by water intrusion—not [the sub-contractor's] allegedly defective workmanship in itself"); Assurance Co. of Am. v. Lucas Waterproofing Co., Inc., 581 F. Supp. 2d 1201, 1209 (S.D. Fla. 2008) (where hurricanes caused water damage, finding "costs incurred by repairing damages to other parts of the buildings that were damaged as a result of the defective waterproofing constitute 'property damage'").

As such, TWJ's counterclaims can be fairly read to allege "property damage" covered under the Policy.

FMIC's supplemental brief in large part reiterates the arguments advanced in its initial filings and the June 21, 2021 hearing. At issue throughout these arguments is the distinction between factual allegations that "fairly and potentially bring the suit within policy coverage," Beaver, 466 F.3d at 1292, which do give rise to the duty to defend, and impermissible inferences, which do not. FMIC's position is that the Court may not "infer" that TWJ's counterclaims allege damage to the underground garage. Def. Supp. Brief at 3, 4–5. But the two cases to which FMIC cites for this argument are distinguishable from the Court's reasoning here. In Fun Spree Vacations, Inc. v. Orion Ins. Co., 659 So. 2d 419, 421 (Fla. Dist. Ct. App. 1995), the court stated that "[i]nferences are insufficient" to establish a duty to defend. The policy at issue there covered losses caused by defamation. Id. The plaintiff argued the defendants' insurance provider had a duty to defend pursuant to that policy despite the fact that the complaint failed to even allege facts sufficient to state a claim for defamation. Id. The court in Fun Spree found it would require an impermissible inference to find the complaint's allegations triggered a duty to defend under the circumstances. Id. Here, by contrast, the Court has found that TWJ's counterclaims do "allege[] facts that fairly and potentially" involve damage to the garage. Although the Court may be "constru[ing]" the allegations "to create potential coverage under the policy," MAC Contractors, 819 F. App'x at 879, or resolving doubt as to the duty to defend in Tutor Perini's favor, see Grissom, 610 So. 2d at 1307, it is not making the type of unfounded inferences rejected by the court in Fun Spree.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-09329-CAS-GJSx | Date | July 1, 2021 |
| Title | TUTOR PERINI BUILDING CORP. v. FIRST MERCURY INS. CO. | | |

Likewise, in <u>Auto-Owners Ins. Co. v. Elite Homes, Inc.</u>, 160 F. Supp. 3d 1307, 1312 (M.D. Fla. 2016), <u>aff'd</u>, 676 F. App'x 951 (11th Cir. 2017), the court found that any determination that personal property had been damaged based on allegations of "damage to interior portions of the home"—with no mention of damage to personal property—would require an improper inference. Here, though, TWJ alleges flooding "from the top of the building to the bottom," among other things. The bottom of the building is the underground parking garage.[8] The Court is not making an impermissible inference in reading TWJ's counterclaims to plausibly allege damage to the parking garage. Ultimately, the Court is unpersuaded by FMIC's supplemental brief for the same reasons it was unpersuaded by FMIC's initial arguments.

2. <u>Satisfaction of Self-Insured Retention</u>

FMIC further argues that, even if the allegations in the underlying action include claims for "property damage," FMIC has no duty to defend because Tutor Perini has not satisfied the self-insured retention. FMIC contends Tutor Perini has failed to produce any documentary evidence that it has paid defense expenses. Def. MSJ at 18. Specifically, in response to FMIC's requests for production of documents requesting "[a]ll invoices . . . for expenses incurred" and "[a]ll documents . . . that reflect payments made by or on behalf of [Tutor Perini] for expenses incurred defending [Tutor Perini] against the Underlying Claim," Tutor Perini objected on the grounds of confidentiality, and produced no documents. Lewis Decl., Exh. H at 111–12.

---

[8] FMIC now describes the parking garage as being "above-ground," Def. Supp. Brief at 4, despite repeatedly characterizing it as being "underground" in its initial filings, including in its statement of undisputed facts, Def. SUF No. 15; <u>see</u> Def. MSJ at 2, 3, 17, 18. To support this revised position that "the tower sits atop a 15-story, above-ground, open-air parking garage, intended to withstand Florida's weather," Def. Supp. Brief at 4, FMIC points to a black-and-white photocopy of what appears to be a rendering of the Project, Perry Decl., Exh. A at 136. This image does not support FMIC's broad statement. In any event, whether the garage is above ground or underground, TWJ's allegation that flooding occurred from the top of the building to the bottom fairly and potentially includes damage to the garage, which FMIC concedes sits below the tower.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:20-cv-09329-CAS-GJSx | Date | July 1, 2021 |
|---|---|---|---|
| Title | TUTOR PERINI BUILDING CORP. v. FIRST MERCURY INS. CO. | | |

Tutor Perini responds that it has produced an email from Deborah Broom, the Corporate Risk Manager for Tutor Perini Corporation (the parent company to Tutor Perini), informing FMIC on July 7, 2020, that "the $50,000 Contractors Self Insured Retention (SIR) has been long-met by [Tutor Perini]." Dkt. 26-14, Declaration of Deborah Broom, Exh. I at 2. Broom added that "[t]he cost of defense in responding to TWJ's defect claims is already in excess of $245,000 . . . ." Id. Broom attaches this email to her sworn declaration submitted in this case.

Broom has stated, under penalty of perjury, that Tutor Perini has met the $50,000 self-insured retention. FMIC has not argued that the Policy requires that Tutor Perini provide any specific documentation that the self-insured retention has been satisfied.[9] As such, the Court finds that Tutor Perini has sufficiently established that the self-insured retention has been satisfied.

Accordingly, because AWJ's counterclaims allege "property damage" under the Policy, and because Tutor Perini has sufficiently established that the self-insured retention has been met, FMIC has a duty to defend Tutor Perini in the underlying action.

### B.  Breach for Failure to Defend

Tutor Perini argues that, having established a duty to defend, it is entitled to summary judgment on the question of whether FMIC breached the Policy by failing to do so. Plt. MSJ at 15. FMIC focused its briefing on arguing that it had no duty to defend Tutor Perini, but it briefly adds that Tutor Perini has not demonstrated that it sustained any damages on account of the alleged breach of the Policy. Opp. to Plt. MSJ at 14 n.4.

Under Florida law, "[t]he elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages." Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP, 137 So. 3d 1081, 1094–95 (Fla. Dist. Ct. App. 2014) (quotation omitted). In the context of an insurer's contractual duty to defend, "[i]f the insurer erroneously fails to defend its insured, its conduct constitutes a breach of contract and 'it—like any other

---

[9] FMIC's assertion that Broom's sworn statement is not the best evidence is inapposite. See Reply ISO Def. MSJ at 9; Fed. R. Evid. 1002, 1004. Broom's testimony is based on her personal knowledge, which suffices to establish that the self-insured retention has been met for purposes of a motion for summary judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:20-cv-09329-CAS-GJSx | Date | July 1, 2021 |
|---|---|---|---|
| Title | TUTOR PERINI BUILDING CORP. v. FIRST MERCURY INS. CO. | | |

party who fails to perform its contractual obligations—becomes liable for all damages naturally flowing from the breach.'" Morette Co. v. S.-Owners Ins. Co., 301 F. Supp. 3d 1175, 1186 (N.D. Fla. 2017) (quoting Carrousel Concessions, Inc. v. Fla. Ins. Guar. Ass'n, 483 So. 2d 513, 516 (Fla. Dist. Ct. App. 1986)); see Caldwell v. Allstate Ins. Co., 453 So. 2d 1187, 1191 (Fla. Dist. Ct. App. 1984) (an insurance "company acts at its peril in refusing to defend its insured"). Such damages include not only the "reasonable costs and attorney's fees that [the insured] incurred in its defense," but also "any collateral damages that resulted from the breach." MCO Envtl., Inc. v. Agric. Excess & Surplus Ins. Co., 689 So.2d 1114, 1116 (Fla. Dist. Ct. App. 1997).

Here, as discussed above, FMIC has a duty to defend Tutor Perini in the underlying action, and FMIC refused to do so. Although Tutor Perini has not set forth the amount of damages it has suffered as a result of the breach, the fact of damages is not in question and the amount can be established at trial. See Morette, 301 F. Supp. 3d at 1187 (where insurer breached contractual duty to defend, court granted summary judgment as to liability for breach of contract, but reserved determination of amount of damages until trial).

## V.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion for partial summary judgment, and **GRANTS** plaintiff's motion for partial summary judgment on its breach of contract claim.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |