UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:20-CV-09329-CAS (GJSx) | Date | December 4, 2023 |
|---|---|---|---|
| Title | TUTOR PERINI BUILDING CORP. V. FIRST MERCURY INS. CO. | | |

Present: The Honorable   **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                Attorneys Present for Defendants:
Matthew Luce                                                  Sharon Lewis
Robert Nida                                                      Blaise Curet

**Proceedings:**   ZOOM HEARING RE: DEFENDANT'S MOTIONS IN LIMINE NOS. 1, 2, 3, 4 (Dkts. 89, 90, 91, 92, filed on NOVEMBER 6, 2023)

## I.   INTRODUCTION AND BACKGROUND

On October 9, 2020, plaintiff Tutor Perini Building Corp. ("Tutor Perini") brought suit in this Court against defendant First Mercury Insurance Company ("First Mercury") and Does 1 through 50, alleging claims for (1) breach of contract, and (2) tortious breach of the implied covenant of good faith and fair dealing ("bad faith"). Dkt. 1 ("Compl.") at 19-33. Tutor Perini's claims arise from First Mercury's initial failure to defend Tutor Perini in an underlying action related to a dispute regarding insurance coverage of a commercial construction project. Id.

On May 21, 2021, both parties filed motions for partial summary judgment. Dkts. 19, 25. On July 1, 2021, the Court denied First Mercury's motion for partial summary judgment, and granted Tutor Perini's motion for partial summary judgment on its breach of contract claim, finding that First Mercury breached its duty to defend Tutor Perini in the underlying action. Dkt. 37 at 14.

On June 9, 2022, First Mercury filed its second motion for partial summary judgment, dkt. 54, along with its statement of uncontroverted facts and conclusions of law, dkt. 55. On July 11, 2022, the Court denied First Mercury's motion for summary judgment without prejudice as to whether Tutor Perini can recover costs prior to the tendering of the counterclaim; granted summary judgment in favor of Tutor Perini on the issue of attorneys' fees; and reserved judgment on whether Tutor Perini's bad faith claim has accrued, and therefore on whether Tutor Perini is entitled to punitive damages. Dkt. 68.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:20-CV-09329-CAS (GJSx) | Date | December 4, 2023 |
|---|---|---|---|
| Title | TUTOR PERINI BUILDING CORP. V. FIRST MERCURY INS. CO. | | |

Thereafter, on March 16, 2023, a panel of arbitrators from the Construction Industry Arbitration Tribunal of the American Arbitration Association ("AAA") issued an interim award in the underlying arbitration between Tutor Perini and TWJ 1101, LLC ("TWJ"). Dkt. 76, Exh. A. The panel found that TWJ owed Tutor Perini $2,889,752.00 and that Tutor Perini owed TWJ $79,120.00. Id. at 22. Thus, including the set-off to TWJ, the interim award to Tutor Perini was $2,810,632.00. Id. The panel asserted that "[t]he Interim Award is intended to fully address all claims and defenses submitted in these proceedings subject to a Final Award that includes [attorneys'] fees, costs and interest." Id.

On May 24, 2023, First Mercury requested a status conference to discuss its motion for partial summary judgment. Dkt. 76. On June 5, 2023, the Court held a status conference and ordered simultaneous supplemental briefing and simultaneous responsive briefing. Dkt. 79. On July 31, 2023, First Mercury filed its opening brief in support of its motion for partial summary judgment on Tutor Perini's second count and claim for punitive damages. Dkt. 80. That same day, Tutor Perini filed its opening supplemental brief in opposition to First Mercury's motion for partial summary judgment. Dkt. 81. On October 2, 2023, the Court granted First Mercury's motion for partial summary judgment on Tutor Perini's bad faith claim. Dkt. 88.

On November 6, 2023, First Mercury filed four motions *in limine*. Dkts. 89, 90, 91, 92. First Mercury's first motion *in limine* ("MIL No. 1") seeks to exclude evidence requested but not disclosed during discovery. Dkt. 89. First Mercury's second motion *in limine* ("MIL No. 2") seeks to exclude any evidence of defense costs incurred by Tutor Perini prior to February 5, 2020. Dkt. 90. First Mercury's third motion *in limine* ("MIL No. 3") seeks to limit evidence of attorneys' fees and costs incurred in this matter. Dkt. 91. First Mercury's fourth motion *in limine* ("MIL No. 4") seeks to exclude David Frangiamore from testifying at trial and any evidence based on his opinions. Dkt. 92. That same day, First Mercury filed a declaration in support of its motions. Dkt. 93. On November 13, 2023, Tutor Perini filed oppositions to First Mercury's motions *in limine*. Dkts. 100, 101, 102, 103.

On December 4, 2023, the Court held a hearing on First Mercury's motions *in limine*. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-CV-09329-CAS (GJSx) | Date | December 4, 2023 |
|---|---|---|---|
| Title | TUTOR PERINI BUILDING CORP. V. FIRST MERCURY INS. CO. | | |

## II. LEGAL STANDARD

### A. Motions *in Limine*

A motion *in limine* is "a procedural device to obtain an early and preliminary ruling on the admissibility of evidence." Goodman v. Las Vegas Metro. Police Dep't, 963 F. Supp. 2d 1036, 1046 (D. Nev. 2013). Trial courts have broad discretion when ruling on such motions. See Jenkins v. Chrysler Motor Corp., 316 F.3d 664, 664 (7th Cir. 2002). Moreover, such rulings are provisional and "not binding on the trial judge" on the court. Ohler v. United States, 529 U.S. 753, 758 n.3 (2000). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Ind. Ins. Co. v. Gen. Elec. Co., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

### B. Federal Rules of Evidence

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 402 provides that "[i]rrelevant evidence is not admissible," and that "[r]elevant evidence is admissible unless" the United States Constitution, a federal statute, the Federal Rules of Evidence, or another rule prescribed by the Supreme Court provides otherwise. Fed. R. Evid. 402. Pursuant to Rule 403, the Court should exclude relevant evidence if its probative value is "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "[U]nfairly prejudicial evidence is that having 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" United States v. Gonzalez-Flores, 418 F.3d 1093, 1098 (9th Cir. 2005) (quoting Old Chief v. United States, 519 U.S. 172, 180 (1997)).

Federal Rule of Evidence 702 allows for expert testimony, subject to certain requirements and conditions. Rule 702 provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Fed. R. Evid. 702. The Rule 702 inquiry "entails a preliminary assessment of whether the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:20-CV-09329-CAS (GJSx) | Date | December 4, 2023 |
|---|---|---|---|
| Title | TUTOR PERINI BUILDING CORP. V. FIRST MERCURY INS. CO. | | |

reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592-93 (1993). The district court must also "ensure that the proposed expert testimony is relevant and will serve to aid the trier of fact. . . . Expert testimony assists the trier of fact when it provides information beyond the common knowledge of the trier of fact." United States v. Finley, 301 F.3d 1000, 1008 (9th Cir. 2002) (citing Daubert, 509 U.S. at 591-93). Daubert's "gatekeeping obligation" "applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." Kumho Tire Company v. Carmichael, 526 U.S. 137, 141 (1999). "[I]n considering the admissibility of testimony based on some 'other specialized knowledge,' Rule 702 generally is construed liberally." United States v. Hankey, 203 F.3d 1160, 1168 (9th Cir. 2000).

### III. DISCUSSION

#### A. Defendant's MIL No. 1

In its MIL No. 1, First Mercury requests an order from the Court excluding any evidence that First Mercury requested during discovery in this action but that Tutor Perini did not produce. Dkt. 89 at 1. First, First Mercury argues that Deborah Broom, Tutor Perini's Federal Rule of Civil Procedure 30(b)(6) witness, testified that Tutor Perini provided First Mercury with written notice of TWJ's counterclaim on February 5, 2020. Id. at 1-2. Because Tutor Perini has not produced evidence of any prior written notice, First Mercury argues that the Court should not permit such evidence at trial. Id. at 2. Second, First Mercury asserts that the Court should not permit Tutor Perini to "dispute the propriety" of First Mercury's deductions in defense costs owed, "[t]o the extent that [Tutor Perini's] Rule 30(b)(6) witness and its responses to written discovery failed to provide the information requested, and because it refused to identify legal expenses for which it seeks reimbursement that were incurred in the prosecution of its claims against TWJ." Id. at 3. First Mercury further contends that the Court should not permit Tutor Perini to proffer the testimony of a witness, besides Broom, on the topics contained in the 30(b)(6) deposition notice and that "Broom's trial testimony should not exceed the scope of her deposition testimony." Id. Finally, it argues that the Court should not permit any evidence regarding Tutor Perini's payment of legal expenses, other than the six checks Tutor Perini produced on September 29, 2021. Id. at 3-4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:20-CV-09329-CAS (GJSx) | Date | December 4, 2023 |
|---|---|---|---|
| Title | TUTOR PERINI BUILDING CORP. V. FIRST MERCURY INS. CO. | | |

In opposition, Tutor Perini asserts that it has produced the documents relating to defense costs, the amount of Tutor Perini's reasonable attorneys' fees and costs, and the amount of Tutor Perini's prejudgment interest. Dkt. 100 at 2. Moreover, Tutor Perini argues that First Mercury was not prejudiced "by the lack of information disclosed during discovery" because First Mercury and its counsel "had extensive knowledge and understanding of the status of the arbitration and the costs being incurred therein." Id. Finally, Tutor Perini argues that First Mercury should have filed a motion for further discovery as its remedy for the alleged insufficient disclosures instead of seeking a vague remedy without citing applicable authority. Id.

Because the parties agree that this is a bench trial, this motion is better decided at trial after Tutor Perini submits its proposed evidence, which will be received subject to a motion to strike. It appears that First Mercury argues that Tutor Perini should be precluded from producing documents that were not produced in discovery. While the general rule is that a party cannot use late produced documents and has a continuing duty to disclose evidence, here the court cannot make a determination as to whether it should consider these allegedly late produced documents until Tutor Perini presents the facts that support its contention that none of these documents nor claims is a surprise to First Mercury. Accordingly, the Court reserves judgment on First Mercury's MIL No. 1.

**B.     Defendant's MIL No. 2**

In its MIL No. 2, First Mercury moves to exclude any evidence of defense costs incurred by Tutor Perini prior to February 5, 2020, when Tutor Perini tendered TWJ's counterclaim to First Mercury. Dkt. 90 at 1. First Mercury argues that because the Voluntary Payments provision in its Policy precludes the reimbursement of defense costs before the date of tender, invoices and other evidence of legal defenses incurred before that date are irrelevant. Id. at 2-3. First Mercury asserts that it relies on its Policy's Voluntary Payments provision, rather than its notice and cooperation provisions, as a defense to Tutor Perini's claim for "pre-tender legal expenses." Id. at 3-4. Moreover, First Mercury contends that enforcement of the Voluntary Payments provision does not require a showing of prejudice to the insurer. Id. at 3-4.

In opposition, Tutor Perini argues that First Mercury's "motion is nothing but a thinly veiled attempt to seek reconsideration of this Court's prior ruling on its motion for partial summary judgment that was denied" and that the instant motion must be denied pursuant to the "law of the case doctrine." Dkt. 101 at 1-2; see also dkt. 68. Thus, it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:20-CV-09329-CAS (GJSx) | Date | December 4, 2023 |
|---|---|---|---|
| Title | TUTOR PERINI BUILDING CORP. V. FIRST MERCURY INS. CO. | | |

argues that the Court should deny First Mercury's requested relief because the Court already found that there is a question of fact as to whether First Mercury was prejudiced by any delay in Tutor Perini's notifying it of TWJ's counterclaim. Dkt. 101 at 2.

On July 11, 2022, the Court found that an issue of fact remains for trial as to whether Tutor Perini can recover costs that it incurred prior to February 5, 2020. First Mercury has not demonstrated how the facts of this case or the law have changed since the Court considered and rejected First Mercury's same arguments on its motion for partial summary judgment. The Court therefore declines to reconsider its ruling. Accordingly, the Court denies First Mercury's MIL No. 2.

**C.   Defendant's MIL No. 3**

In its MIL No. 3, First Mercury moves to exclude any evidence of Tutor Perini's attorneys' fees and costs incurred in this action as irrelevant or, alternatively, to compel the production of all documentation of Tutor Perini's attorneys' fees and costs and to limit evidence of attorneys' fees and costs to those incurred in connection with Tutor Perini's claim for breach of contract. Dkt. 91 at 1, 3.

First Mercury argues that the Court erred in finding that Tutor Perini could recover attorneys' fees pursuant to Florida Statute § 627.428 because § 624.80 defines "insurer" as a domestic insurer, and the statute thus does not apply to surplus lines insurers, such as First Mercury. Id. at 1-2. Moreover, First Mercury contends that § 627.428 requires a judgment by a Florida court, such that "[t]he statute has no force outside of Florida in either State or Federal Courts." Id. at 2. First Mercury distinguishes between the situation where parties consent to the application of Florida law in an action and the situation here where the Court determined that it must apply Florida law in this action. Id. at 2-3; see also Liberty Nat. Life Ins. Co. v. Beasley By & Through Beasley, 466 So. 2d 935, 937 (Ala. 1985). First Mercury further argues that Florida Statute § 626.9373, which like § 624.80 was repealed on March 24, 2023, "also expressly requires a judgment by a Florida court." Dkt. 91 at 3. Because First Mercury did not "consent" to the Court's application of Florida law, First Mercury argues that the Court has no basis to award Tutor Perini attorneys' fees and costs. Id.

Alternatively, First Mercury argues that if the Court awards Tutor Perini attorneys' fees and costs, the award should be limited to those incurred in prosecuting the breach of contract claim. Id. at 4. First Mercury asserts that Florida Statutes §§ 627.428 and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:20-CV-09329-CAS (GJSx) | Date | December 4, 2023 |
|---|---|---|---|
| Title | TUTOR PERINI BUILDING CORP. V. FIRST MERCURY INS. CO. | | |

626.9373 "allow for an award of a reasonable sum to compensate the insured for the cost of prosecuting the claim on which it recovered," such that Tutor Perini may be compensated for its breach of contract claim but not for its bad faith claim. Id. Further, First Mercury argues that the "results obtained" principle allows a court to reduce a fee award "when the party prevails on a claim or claims for relief, but is unsuccessful on other unrelated claims" and to consequently evaluate whether the prosecution of the successful claim can be separated from that of the unsuccessful claim. Id. at 4-5; see also Fla. Patient's Comp. Fund v. Rowe, 472 So. 2d 1145, 1151 (Fla. 1985).

In opposition, Tutor Perini argues that First Mercury seeks reconsideration of the Court's order on July 11, 2022, which granted summary judgment in favor of Tutor Perini on the issue of attorneys' fees and costs. Dkt. 102 at 1-2; see also dkt. 68. Thus, Tutor Perini asserts that the Court should deny First Mercury's motion pursuant to the "law of the case doctrine." Id. at 2. Further, Tutor Perini argues that it successfully opposed two motions for partial summary judgment on the bad faith claim and should not be prevented from being awarded attorneys' fees "due to its effective efforts in defeating TWJ['s] defect claims in the underlying arbitration." Id. at 2-3. Moreover, Tutor Perini contends there is still a "remote" possibility there is an excess judgment if TWJ appeals the arbitration award. Id. at 3. Finally, Tutor Perini argues that First Mercury's request for documentation is moot because it "has already produced the invoices reflecting its attorneys' fees and costs incurred in this action." Id.

The Court has already considered and rejected First Mercury's argument that this Court does not have the power to award attorneys' fees in this action because it is not a Florida court. See dkt. 62. For the first time, First Mercury argues that the Court further cannot award attorneys' fees because Florida Statute § 627.428 does not apply to surplus lines insurers, such as First Mercury. Because First Mercury does not explain why it did not raise this argument on its partial motion for summary judgment, the Court finds that it is inappropriate for First Mercury to raise the argument at this juncture. Moreover, First Mercury concedes that Florida Statute § 626.9373 does "provide[] for an award of attorneys' fees against a surplus lines insurer." Dkt. 91 at 3. Therefore, the Court declines to reconsider its prior ruling.

First Mercury also asserts that Florida Statutes §§ 627.428 and 626.9373 were repealed on March 24, 2023. Nothing in the Legislature's decision to repeal these statutes suggests that the Legislature intended to repeal them retroactively. Further, it appears that under Florida law, "the correct statute to apply is 'the statute in effect at the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:20-CV-09329-CAS (GJSx) | Date | December 4, 2023 |
|---|---|---|---|
| Title | TUTOR PERINI BUILDING CORP. V. FIRST MERCURY INS. CO. | | |

time an insurance contract is executed.'" Baptist Coll. of Fla. Inc v. Church Mut. Ins. Co. SI, No. 5:22-CV-158-MW/MJF, 2023 WL 4358785, at *2 (N.D. Fla. June 23, 2023) ("The Florida Supreme Court has also stated, generally, that 'statutes with provisions that impose . . . limitations on the right to recover attorneys' fees do not apply retroactively.'") (citing Menendez v. Progressive Exp. Ins. Co., 35 So. 3d 873, 878 (Fla. 2010)). Thus, it does not appear that the repeal changes the Court's prior ruling.

Finally, regarding whether the Court should limit the award to the attorneys' fees and costs incurred in connection with the breach of contract claim, the Court finds that this issue is better decided at trial. Accordingly, the Court denies in part First Mercury's MIL No. 3 but reserves judgment as to whether it is appropriate to require Tutor Perini to provide an allocation of its attorneys' fees.

### D. Defendant's MIL No. 4

In its MIL No. 4, First Mercury moves to preclude the testimony of Tutor Perini's expert witness, David Frangiamore, along with his expert report and any evidence based on his opinions pursuant to Federal Rules of Evidence 702 and 403. Dkt. 92 at 1-3. First Mercury argues that Frangiamore is an expert in claims handling practices, which relates to the dismissed bad faith claim and not to any remaining issues in this action. Id. at 1. According to First Mercury, Tutor Perini has failed to lay the proper foundation for the admissibility of Frangiamore's testimony. Id. at 2. First, First Mercury argues that Frangiamore is not qualified as an expert in auditing or the evaluation of legal bills because he lacks specialized knowledge and further had not reviewed the invoices relating to Tutor Perini's defense costs by the time of his deposition. Id. at 3. Second, First Mercury argues that Frangiamore's opinions regarding claims handling practices are irrelevant to the remaining claims, such that his testimony and report would not assist the jury or the Court. Id. Finally, First Mercury argues that the Court should exclude Frangiamore's irrelevant testimony and report pursuant to Rule 403 because they would waste the Court's time. Id. at 3-4. Moreover, First Mercury contends that "it is too late to re-designate [] Frangiamore or to designate another expert in auditing or evaluat[ing] legal bills, and to allow it would prejudice [First Mercury]." Id. at 3.

In opposition, Tutor Perini argues that Frangiamore's testimony "is directly relevant to the remaining issues in rebuttal to the opinions of [Andre Jardini, First Mercury's expert,] and the foundations upon which such opinions are based." Dkt. 103 at 2. Moreover, Tutor Perini asserts that First Mercury had the opportunity to and did

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:20-CV-09329-CAS (GJSx) | Date | December 4, 2023 |
|---|---|---|---|
| Title | TUTOR PERINI BUILDING CORP. V. FIRST MERCURY INS. CO. | | |

question Frangiamore about his rebuttal opinions to Jardini's report. Id. Finally, Tutor Perini argues that Frangiamore is qualified to testify because he worked as a Claims Attorney for Nationwide Mutual Insurance Company and as a Claims Supervisor, Senior Claims Supervisor, and Manager of Construction Defect Unit for Wausau Insurance Company. Id.

It appears that Frangiamore's expert report concerns First Mercury's claims handling practices, and as such, relates to the dismissed bad faith claim. See dkt. 93-11, exh. K. However, First Mercury had the opportunity to take Frangiamore's deposition and to review his curriculum vitae attached to his expert report that lists the several cases in which Frangiamore has been retained as an expert witness. While it does not appear that testimony regarding the reasonableness of attorneys' fees was expressly designated in Frangiamore's expert report, it appears that First Mercury did examine Frangiamore as to certain aspects of the reasonableness of Jardini's conclusions. Thus, the Court finds that consideration of Frangiamore's testimony, to the extent relevant, will not prejudice First Mercury. Accordingly, the Court denies First Mercury's MIL No. 4, without prejudice.

## IV.   CONCLUSION

In accordance with the foregoing, the Court RESERVES JUDGMENT on First Mercury's MIL No. 1 and MIL No. 3 IN PART, and DENIES First Mercury's MIL No. 2, MIL No. 3 IN PART, and MIL No. 4.

IT IS SO ORDERED.

|  | 00 : 42 |
|---|---|
| Initials Of Preparer | CMJ |